UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KIEU HOANG WINERY, LLC,<br><br>    Defendant. | Case No. 21-cv-09471-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 13 |

On December 8, 2021, plaintiff Andres Gomez filed the instant action. Dkt. No. 1 (Complaint). Plaintiff, who lives in Miami, alleges he is legally blind and must use screen-reader software ("SRS") to use electronic devices. Dkt. No. 1 at ¶ 1. In the instant action, Mr. Gomez is suing Kieu Hoang Winery in Napa, California. Id at ¶¶ 3-5. Plaintiff alleges he sought, as a "prospective customer," to visit defendant's website in March 2021 and August 2021 "with the intent to purchase wine, or do some wine tasting, or potentially experience making [his] own wine." Dkt. No. 1 at ¶¶ 16-17. Upon visiting the website, plaintiff allegedly encountered barriers preventing him from successfully using the SRS technology.

Mr. Gomez has filed numerous lawsuits in this district against Napa Valley businesses alleging the defendants' websites are inaccessible to people with vision disabilities. It has come to the Court's attention that in those lawsuits, Mr. Gomez has stated he has no intention of visiting the defendants' physical offices and that the alleged inaccessibility of the defendants' websites is unrelated to a physical location. For example, on February 14, 2022, Mr. Gomez filed a declaration in *Andres Gomez v. Gates Estates, Inc.*, C 3:21-cv-07147 WHA (Dkt. No. 34-1), in which Mr. Gomez stated he enjoyed "window shopping" by browsing real estate websites featuring Napa Valley homes and that he did not have any present intention to visit the Napa Valley. Similarly, in *Andres Gomez v. Corro*, C 3:21-cv-07085 SI, plaintiff's counsel (who is also counsel of record in this case) filed a sworn declaration stating that a joint site inspection was unnecessary because the alleged inaccessibility of defendants' websites "is a policy violation unrelated to a physical

location." Dkt. No. 31 at 2.

The Ninth Circuit has held that "[b]ecause the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there had to be 'some connection between the good or service complained of and an actual physical place.'" *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (*quoting Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)). "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-cv-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 21, 2021). Based upon Mr. Gomez's statements and positions in cases similar to this one, it appears there is no basis for a claim under the Americans with Disabilities Act, and thus this Court lacks subject matter jurisdiction.

Further, On March 28, 2022, plaintiff filed a motion for administrative relief requesting an extension of time to complete service of the Complaint. Dkt. No. 13. Plaintiff asserts the deadline to serve defendant is March 25, 2022. However, plaintiff's calculation of the deadline is incorrect. Pursuant to General Order 56, service must be completed within 60 days, not 90. See General Order 56. Specifically, General Order 56 states plaintiffs "**shall** promptly complete service on all defendants. A plaintiff who is unable to complete service on all defendants within 60 days may, **prior to the expiration of that period**, file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11 requesting an extension of the schedule[.]" (emphasis added).

Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than April 8, 2022 why this case should not be dismissed for failure to comply with General Order 56 as well as for lack of subject matter jurisdiction. If Mr. Gomez and his counsel contend that there is a basis for subject matter jurisdiction, Mr. Gomez shall file a declaration signed under penalty of perjury stating the factual basis for the ADA claim.

**IT IS SO ORDERED**.

Dated: April 5, 2022

SUSAN ILLSTON
United States District Judge